## SWIHART *v.* MAULDIN.

PATENTS; INTERFERENCE; CONCURRENT DECISIONS.

1. This court, in an interference proceeding, will not, except in extreme cases, go behind the declaration of interference in order to determine the question of identity of invention, nor will it consider the suggestion of the superiority of one device over the other, as the question of priority of invention only is involved.

2. The junior party to an interference who has three concurrent decisions of the Patent Office against him, has an additional burden of proof thereby imposed upon him in this court, and this condition is not materially altered by the fact that there has been dissent in the board of examiners-in-chief.

3. Where, in an interference proceeding involving an improvement in spring balance scales, it appears that the senior applicant conceived the invention in April, 1897, immediately reduced it to practice and applied for a patent May 3, 1897, while the junior applicant, although he stated in his preliminary statement that he conceived the invention about November 1, 1896, and reduced it to practice in December, 1896, showed by his own testimony, which was full of contradictions, that there was no attempted reduction to practice whatever by him, and probably even no conception before the latter part of February or the beginning of March, 1897, and what he did then was confessedly unsuccessful, and not until after knowledge of his opponent's invention was communicated to him, which was almost immediately after it was made, did he construct a successful device, and then did not apply for a patent

until six months thereafter, a decision of the Commissioner of Patents awarding priority of invention to the senior applicant was *affirmed.*

No. 197.  Patent Appeals.  Submitted March 13, 1902.  Decided April 1, 1902.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Walter F. Rogers, Mr. H. H. Bliss* and *Messrs. Thurston & Bates* for the appellant.

*Mr. Melville Church* and *Mr. Joseph B. Church* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents in an interference case, wherein the subject-matter in controversy is an improvement in spring-balance scales stated in the following issues:

" 1. In a spring-balance scale, the combination of a spring-suspended runner having on its lower end means for suspending the load, with a fixed dash-pot cylinder, its plunger, and a plunger-rod which is flexibly connected at one end with the runner and at the other end with the plunger.

" 2. In a spring-balance scale, the combination of a cylindrical scale-case having a hole in its lower end, and a spring-suspended runner which extends out through said hole and has on its lower end means for suspending the load, with a pneumatic cylinder closed at one end and open at the other, and having at its closed end external wings which are secured to the cylindrical scale-case, a plunger movable in said cylinder, and a plunger-rod which is flexibly connected at one end with the plunger and at the other end with the runner."

The invention is stated to consist in the *flexibility* of the plunger-rod at both of its extremities; and this is construed

by one party to mean universal flexibility in all directions, and by the other general flexibility backward and forward and sidewise. In the second issue there is an additional new feature in the addition of " *external wings.*" All the other elements of both combinations are old and well known in the art.

John H. Swihart, the appellant, who is the junior applicant, and whose application was filed on November 1, 1897, alleges in his preliminary statement that he conceived and disclosed the invention in question on or about November 1, 1896; that he never made a drawing or model of it; but that he reduced the invention to practice on or about December 24, 1896; and that the National Computing Scale Company, the assignee of the invention and application, has manufactured and sold more than four thousand spring-balance scales embodying the invention.

James L. Mauldin, the appellee and senior applicant, whose application was filed on May 3, 1897, nearly six months before that of Swihart, alleges in his preliminary statement that he conceived the invention in the early part of the year 1897; that he explained it and made sketches illustrative of it within a week after his conception of the idea; that a model of it was made within two weeks before its reduction to practice; that he embodied the invention in a full-sized scale and successfully operated the same and reduced the invention to practice in March or April of 1897, since which time many thousands of scales embodying the invention have been made and sold by him and by his licensee and assignee, the Computing Scale Company.

Upon the testimony taken in the case, all the tribunals of the Patent Office, while concurring in the recognition of Swihart's priority of conception of the invention, also concurred in holding that Mauldin was the first to reduce it to practice; and they awarded judgment of priority of invention to the latter on the ground of Swihart's lack of diligence. From the Commissioner's decision to that effect Swihart has appealed to this court.

There has been a suggestion in argument that the device of Swihart differs from that of Mauldin in the fact that

the flexibility of the plunger-rod in the former is stated to be of a universal character, that is, in all directions, while the flexibility in Mauldin's device appears to be more limited, being only sidewise and backward and forward. It is not entirely apparent to us what the purpose is of this suggestion. If it be to show that the two devices are patentably different, and therefore that there is no interference in fact between the parties, we have repeatedly held that, except in extreme cases, we will not go behind the declaration of interference in order to determine the question of identity of invention. If, on the other hand, the suggestion be made merely to show the superiority of Swihart's device, it is very plain that this consideration can have no influence in the determination of the question of priority of invention.

With reference to the merits of the case, the appellant comes here, not only as the junior applicant required to establish his case by a preponderance of evidence, but also with three concurrent decisions of the tribunals of the Patent Office against him, a fact which imposes upon him a still greater burden of proof in this court, as we have repeatedly held. It is true that, in the board of examiners-in-chief, there was dissent; but this does not materially alter the conditions. But apart even from this burden of proof upon the appellant, we think that he has wholly failed to establish his case against the appellee, and that the preponderance of evidence is greatly in favor of the latter.

There would seem to be no ground left to question the fact that the appellee conceived the invention in the latter part of April, 1897, immediately reduced it to practice, and applied for a patent on May 3, 1897, a few days thereafter. This does not seem to be controverted by the appellant. At all events, it is fully established by the testimony; and it is held to be the fact by all the tribunals of the Patent Office. It is unnecessary to enter into the proof of it in any detail.

The testimony on behalf of the appellant is of the most unsatisfactory character: some of it is open to the gravest

suspicion. While he states in his preliminary statement that he conceived the invention about November 1, 1896, and reduced it to practice in December of 1896, yet he shows conclusively by his own testimony, which, however, is full of contradictions, that there was no attempted reduction whatever to practice by him, and probably even no conception of the idea, before the latter part of February, or the month of March, 1897. What he did then was confessedly unsuccessful. Not until after knowledge of Mauldin's invention was communicated to him, which was almost immediately after it was made, did he construct a successful device.

A very peculiar circumstance about the case is that, although his special work with the company by which he was employed and which is the assignee of his application, was to devise means to remedy the imperfections complained of by the public in the computing-scales then in use, and he had taken out patents for previous inventions in the same precise line, and although he and his company knew of Mauldin's invention immediately after it was made, in May of 1897, yet he did not apply for letters patent until six months afterward.

Our examination of the testimony in this case leads us to the same conclusion that was reached by the Commissioner of Patents. To his exceedingly careful and well-considered opinion we can add nothing; and we adopt his decision that judgment of priority of invention is due and should be awarded to the appellee James L. Mauldin.

The clerk of the court will certify this opinion and the proceedings in this court in the premises according to law.

*Affirmed.*